UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

\-------------------------------------------------------------------------X

Aaron  Tyk,

                                    :    **COMPLAINT**

                 Plaintiff,

                                      :

          -v-                         **Trial by Jury Demanded**

                                      :

Police Officer Eric Surat, in his personal individual capacity
in addition to his capacity as an employee of the
New York Police Department and the City of New York,    :

and The City of New York,                     :

                         Defendants.

\-------------------------------------------------------------------------X

Plaintiff.   Aaron Tyk  for his Complaint, alleges as follows:

## JURISDICTION

1.      This action is brought for claims  under federal law  pursuant to the provisions of 42.U.S.C.§ §1983,  and 1988  seeking damages to redress the deprivation, under color of state law, of rights secured to him under the Fourth, Fifth,  Sixth Eighth, and Fourteenth Amendments of the United States Constitution.

2.      Jurisdiction is conferred upon this Court by 28 U.S.C. § 1343 (a)(3) and (4), which provides for original jurisdiction in this court of all suits brought pursuant to 42 U.S.C. §1983, and by 28 U.S.C. § 1331, which provides jurisdiction over all cases brought pursuant to the Constitution and laws of the Untied States.

3.      This action also seeks damages under state common law for false arrest, false

imprisonment, malicious prosecution, intentional infliction of emotional distress, mental anguish,

shame, humiliation, indignity, and damage to reputation. This Court has pendant jurisdiction

over Plaintiffs state law claims.

## VENUE

4.      . Venue lies in this district pursuant to 28 U.S.C. §1391(b).

## PARTIES

5.      Plaintiff is a citizen of Kings County, City and State of New York

6.      Defendant Police Officer Eric Surat, shield #18137 ("SURAT"), at all relevant

times hereto was an employee of the New York Police Department ("NYPD") an agency of the

City of New York, (NYC) acted in that capacity as an agent, servant and/or employee of NYC,

and was acting under color of State Law and within the scope of his employment.

7.      SURAT is named as a defendant both in his personal individual capacity in

addition to his capacity as an employee of the NYPD.

8.      Defendant, City of New York, (hereinafter referred to as ("NYC") is a municipal

corporation and body politic, organized and existing under the Laws of the State of New York.

NYC created and operates the.

9.      NYC de facto and de jure and, is the employer of Surat.

10.     At all relevant times hereto, Defendant NYC was responsible for making and

enforcing the policies of NYPD.

11.    At all relevant times hereto, Defendant SURAT was acting under the color of state and local law, to wit, under the color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

## FACTS

12.    On March 29, 2012, SURAT handcuffed Plaintiff and placed him under arrest.

13.    The arrest was unlawful and improper, as it was based on false charges.

14.    In placing Plaintiff under arrest, SURAT acted with intent to limit plaintiff to a bounded area and restrict his movement.

15.    SURAT did in fact cause plaintiff to be restricted from freely moving from the bounded area.

16    SURAT used excessive force when placing the handcuffs

17.    SURAT made the cuffs extra tight, causing them to cut into plaintiff's skin.

18.    When plaintiff complained to SURAT that the cuffs were too tight and he was suffering excessive pain,. SURAT responded by saying it was against NYPD policy for SURAT to loosen the handcuffs.

19.    Plaintiff was then detained against his will, jailed in the prisoner cell at the 66th precinct of the NYPD (Precinct), and subject to scorn and embarrassment.

20.    At the Precinct, SURAT documented and recorded false allegations and criminal charges against the plaintiff.

21.    The false allegations and charges contain written defamatory language.

22.     SURAT commenced and instituteed criminal proceedings without probable cause for the charges and with an improper purpose.

23.     Because of continuing pain in Plaintiff's hands, on April 5, 2012, plaintiff consulted with a neurologist who made a diagnosis of Cheiralgia Paresthetica, bilateral radial nerve damage.

24.     The neurologist further found that the incident of March 29, 2012 was the proximate cause for this diagnosis.

25.     A Notice of Claim and Intention to sue was duly served upon and filed with the CITY

26.     Said Notice was filed within ninety (90) days after the cause of action herein accrued and set forth the name and post office address of Plaintiff, the nature of the claim, the time when, the place where, the manner in which the claim arose and the items of damage and injuries sustained.

27.     That at least thirty (30) days have elapsed since the demand or claim upon which these actions are predicated was presented to CITY for adjustment or payment thereof and that it has neglected and/or refused to make adjustment or payment thereof.


## CAUSES OF ACTION

28.     At the time of the arrest, Plaintiff did not pose a threat to the safety of the Defendants or others.

29.     That Plaintiff was not actively resisting arrest or attempting to evade arrest.

30.     SURAT had no legal cause or reason to use excessive force in effectuating

the arrest.

31.    SURAT's use of excessive force in effectuating the arrest was unreasonable under the circumstances.

32.    Defendant CITY, through its officer, agent, and employee, unlawfully subjected Plaintiff to excessive force while effectuating the arrest.

33.    The actions by defendants SURAT and CITY were grossly disproportionate to the need for action and were unreasonable under the circumstances.

34.    Defendants SURAT and CITY were, acting under color of state law.

35.    Defendant SURAT acted within the scope of authority, acted in gross and wanton disregard of Plaintiff's rights,

36.    Upon information and belief, defendant CITY had a policy or routine practice of allowing the use excessive force when effectuating arrests.

37.    Upon information and belief, it was the policy and/or custom of defendant CITY to inadequately train, supervise, discipline, and/or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

38.    As a result of the above described policies and customs, the officers, staff, agents and employees of defendant CITY, believed that their actions would not be properly monitored by supervisory officers and that the misconduct would not be investigated or sanctioned, but would be tolerated.

39.    As a direct and proximate result of the official policy, practice and custom of NYPD and CITY as alleged herein, Plaintiff sustained damages hereinbefore alleged.

40.    The above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of defendant CITY to the constitutional rights of arrestees and were the cause of the violations of Plaintiff's rights alleged herein.

41.    Defendants subjected plaintiff to excessive force while effectuating his arrest, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

42.    Defendants, by using excessive force, by unlawfully and illegally detaining plaintiff without probable cause, deprived Plaintiff of the rights, remedies, privileges and immunities guaranteed to every citizen of the United States of America, all of which was in violation of 42 U.S.C.§1983.

43.    Defendants acted under pretense and color of the State Law and in both their individual and official capacities.

44.    The acts of the Defendants were without authority of law and constituted a severe abuse of their powers.

45.    Based upon the allegations as set forth herein, Defendants violated Plaintiff's civil rights to be free from false arrest, false imprisonment, excessive use of force, malicious prosecution and intentional infliction of emotional distress.

46.    By reason of the foregoing, Plaintiff suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries.

47.    All of said injuries may be permanent.

48.    As a direct and proximate result of the misconduct of the Defendants as aforedescribed, and the wrongful acts and abuses of authority as detailed above, Plaintiff sustained the damages hereinbefore alleged.

49.    The Defendants, by having unlawfully and illegally detained and forcibly shackled the Plaintiff without probable cause, deprived Plaintiff of the rights, remedies, privileges and immunities guaranteed to every citizen of the United States of America, all of which was in violation of 42 U.S.C.§1983.

50.    The rights of the Plaintiff, as guaranteed by the 4th, 5th, 6th, 8th and 14th Amendments to the United States Constitution, have been violated.

51.    Defendants acted intentionally, willfully, knowingly and with the specific intent to deprive Plaintiff of her constitutional rights as secured by 42 U.S.C.§1983, and by the 4th, 5th, 6th, 8th and 14th Amendments to the United States Constitution.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered:

Awarding Plaintiff compensatory damages in a full and fair sum to be determined

by a jury;

Awarding Plaintiff punitive damages in an amount to be determined by a jury;

Should Plaintiff obtain counsel, awarding reasonable attorney's fees pursuant to

42 USC § 1988; and

Granting such other and further relief as to this Court seems proper.

Dated: March 22, 2013

Aaron Tyk
5014-16th Avenue
Brooklyn, New York 11204