```
UNITED STATES DISTRICT COURT                    C/M
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- X
                                                           :
 AARON TYK,                                                :
                                    Plaintiff,            :   **DECISION AND ORDER**
                                                           :
                  - against -                              :   13 Civ. 1532 (BMC)(LB)
                                                           :
P.O. ERIC SURAT and THE CITY OF                            :
NEW YORK,                                                  :
                                                           :
                                    Defendants.            :
                                                           :
---------------------------------------------------------- X
```

**COGAN**, District Judge.

This case is before me on plaintiff's objection to Magistrate Judge Bloom's Report and Recommendation, in which she recommended that I deny plaintiff's motion to file a fourth amended complaint.

Rule 72 of the Federal Rules of Civil Procedure permits magistrate judges to conduct proceedings on dispositive pretrial matters without the consent of the parties. Fed.R.Civ.P. 72(b). Any portion of a report and recommendation on dispositive matters, to which a timely, specific objection has been made, is reviewed de novo. Id.; see Thomas v. Arn, 474 U.S. 140, 149 (1985); DiPilato v. 7–Eleven, Inc., 662 F. Supp. 2d 333, 340 (S.D.N.Y. 2009). The district court is not required to review de novo, and may instead review for clear error, those portions of a report and recommendation to which no specific objections are addressed. See DiPilato, 662 F. Supp. 2d at 339. Moreover, "an objecting party may not raise new arguments that were not made before the Magistrate Judge." Bell v. Pfizer, No. 03–CV–9945, 2006 WL 2529762, at *1 (S.D.N.Y. Aug.31, 2006) (citing Robinson v. Keane, No. 92–CV–6090, 1999 WL 459811, at *4 (S.D.N.Y. June 29, 1999); Rosello v. Barnhart, No. 02–CV–4629, 2004 WL 2366177, at *3

(S.D.N.Y. Oct.20, 2004) (finding plaintiff's objection "untimely as Plaintiff did not raise the claim before [the] Magistrate Judge").

*Pro se* litigants are generally accorded leniency when making objections. Walker v. Vaughn, 216 F. Supp. 2d 290, 292 (S.D.N.Y. 2002) (quoting Vasquez v. Reynolds, No. 00 Civ. 0862, 2002 WL 417183 at *5 (S.D.N.Y. Mar. 18, 2002)). However, when the *pro se* litigant is himself an attorney, as is the case here, a lesser degree of leniency applies. See Tracy v. Freshwater, 623 F.3d 90, 101-02 (2d Cir. 2010).

Where a party seeks to amend a pleading beyond a court-ordered deadline for doing so, a court must determine whether the party has shown "good cause":

> Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, a court should freely give leave to amend when justice so requires.... Generally, a district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party. Where, as here, a scheduling order governs amendments to the complaint, see Fed.R.Civ.P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."), the lenient standard under Rule 15(a), which provides leave to amend shall be freely given, must be balanced against the requirement under Rule 16(b) that the Court's scheduling order shall not be modified except upon a showing of good cause. Whether good cause exists turns on the diligence of the moving party.

Holmes v. Grubman, 568 F.3d 329, 334-335 (2d Cir. 2009) (citations and internal quotation marks omitted).

Reviewing this matter de novo, plaintiff has failed in either his motion or his objection to demonstrate good cause to file yet another amended complaint. This is true for several reasons.

First of all, even at this late date, plaintiff has failed to provide a proposed Fourth Amended Complaint. That is reason enough to deny the motion. See Ackermann v. N.Y.C. Dep't of Info. Tech. & Telecomms., No. 09-civ-2436, 2010 WL 1172625, at *1 (E.D.N.Y. Mar.24, 2010) ("any motion to amend must attach the proposed amended complaint specifying

the new claims and/or defendants [the plaintiff] intends to add"); Schwasnick v. Fields, No. 08-civ-4759, 2010 WL 2679935, at *11 (E.D.N.Y. June 30, 2010) ("The court may also deny leave to amend where the Plaintiff [ ] fails to submit a proposed pleading and does not explain why." (citation omitted)); La Barbera v. Ferran Enters., Inc., No. 05-civ-2678, 2009 WL 367611, at *3 (E.D.N.Y. Feb.10, 2009) ("Denial of the motion to amend is warranted by Plaintiffs' unexplained failure to submit a proposed pleading"); McFadden v. Grand Union, No. 93-civ-4841, 1994 WL 62351, at *1 (S.D.N.Y. Feb.18, 1994) ("motion for leave to amend the complaint is inadequate because it fails to attach the proposed amended complaint").

Second, plaintiff's motion before Judge Bloom set forth no basis for relief. His motion simply noted that she had previously stated that she was disinclined to recommend permission to file a fourth amended complaint, but that he still wanted to – and that is all. The motion does not even say what the proposed amended complaint would have contained. Even if I take into account the conference prior to his motion on May 26, 2015 before Judge Bloom, in which he identified that he wanted to add some assistant district attorneys as new parties, he offered Judge Bloom no good cause why he needed to further delay this action.

Finally, I am not at all convinced that his proposed claims against the individual assistant district attorneys would have any merit. As stated (for the first time) in his objection to the Report and Recommendation, his theory seems to be that the individual assistant district attorneys did not adequately investigate the allegations against him. This turns the law upside down. When a prosecutor acts as an investigator, he may lose his absolute immunity as a prosecutor. See Zahey v. Coffey, 221 F.3d 342 (2d Cir. 2000). But when he limits his role to that of a prosecutor, he has no duty to do an investigation. That is what the police are for.

3

Of course, it is difficult to evaluate the legal sufficiency of the proposed claims against these new defendants since, as noted above, plaintiff has not filed a proposed fourth amended complaint. But I have already commented on that deficiency and it cannot be cured this late.

For these and the reasons set forth in Judge Bloom's Report and Recommendation, plaintiff's objections [82] to the Report and Recommendation are overruled; the Report and Recommendation [77] is adopted as the Order of this Court; and the motion to amend [70] is denied.

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
July 23, 2015